124 F.3d 211
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
INTREX CORPORATION, Plaintiff-Appellant,
v.
FMC CORPORATION, Defendant-Appellee.
 No. 96-16567.
 United States Court of Appeals, Ninth Circuit.
 Submitted September 18, 1997.**
Decided Sept. 24, 1997.
 
 Appeal from the United States District Court for the Northern District of California, Marilyn H. Patel, District Judge, Presiding; No. CV-93-2906-MHP.
 Before: KOZINSKI, MAYER *** and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 We review de novo the district court's grant of summary judgment. Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1991). In so doing, we view the evidence in the light most favorable to the nonmoving party to determine whether there are any genuine issues of material fact and whether the district court correctly applied relevant substantive law. Id.
 
 
 3
 Intrex, which purchased rights to the disputed contracts from Kemp, argues that the district court erred in summarily dismissing its claim against FMC for intentional interference with a contract. To establish a claim for intentional interference with a contract, New Jersey law requires proof that: a contractual relationship exists; defendant intentionally interfered with that relationship; the interference was malicious in nature; and the interference resulted in damages. See Matrix Essentials, Inc. v. Cosmetic Gallery, Inc., 870 F.Supp. 1237, 1247 (D.N.J.1994). However, the first contractual relationship between FMC and Kemp--a teaming agreement dated August 21, 1987--did not prohibit FMC from contracting with Ingenieurburo Deisenroth ("IBD") for technology outside the scope of the June 4, 1986 license between IBD and Kemp. That license is limited to technology disclosed in West German Patent No. P-31-32-008, which relates to light weight reactive armor and related elements, not advanced passive armor and specific non-flyer plate reactive armor. The distinction between these two technologies was explained by Middione and was never refuted by Intrex. Thus, the district court did not err in accepting this distinction.
 
 
 4
 Summary judgment was also proper because FMC neither intentionally nor maliciously interfered with rights established by the second contract, which was created by an October 17, 1987 Letter of Intent between IBD and Kemp to market and produce additional IBD protective systems. As Kemp's former president and vice-president, O'Mara and Harlow, testified, they concealed the contents of this letter from FMC. Lacking any facts suggesting knowledge of the substance of the Letter of Intent, Intrex is not entitled to any presumption that a reasonable jury could find that FMC intentionally or maliciously interfered with the agreement formed between IBD and Kemp on October 17, 1987.
 
 
 5
 Finally, Intrex could not produce evidence of actual damages. Intrex failed to submit along with Stillman's expert witness disclosure, a written report, a complete statement of opinions to be expressed and the basis and reasons for them, the data or information considered by the witness in forming his opinions, a list of exhibits, the amount the witness was being compensated for his testimony, or a listing of other cases in which he had previously testified as an expert. The report filed was neither read nor signed by Stillman, and could be based on nothing more than the speculation and opinion of an interested party. Thus, the district court properly excluded the testimony of Intrex's damages expert under Federal Rules of Civil Procedure 26(a) and 37(c)(1). The court also properly excluded the damages testimony of O'Mara under Federal Rule of Evidence 602, because he lacked the requisite personal knowledge.
 
 
 6
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a); 9th Cir. R. 34-3
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3